See also 136 B.R. 930.

**In the Matter of the COLUMBIA GAS SYSTEM, INC., and Columbia Gas Transmission Corporation, Debtors.**

**Bankruptcy Nos. 91–803, 91–804.**

United States Bankruptcy Court, D. Delaware.

March 3, 1992.

Kevin Gross, Wilmington, Del., for Official Committee of Unsecured Creditors.

Stuart D. Gibson, Karl J. Fingerhood, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S. Dept. of Justice.

Ellen Slights, Asst. U.S. Atty., Wilmington, Del., for U.S.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On January 8, 1992, this court issued an order retaining an examiner on fees and expenses. Only the United States of America and the Official Committee of Unsecured Creditors of Columbia Gas Transmission Corporation (TCo Committee) responded by the February 3 objection deadline.

*The Limited Objection of the United States of America*

The United States' response is a limited objection relating to sub-paragraphs 3(c), 3(d), and 3(f) of the order, which state:

c. For each application, the examiner shall file a report to the Court (under seal), the United States Trustee, the Debtor and each official committee at least ten days [before any hearing on the fees]. Also, the examiner shall serve a copy of the examiner's report for an applicant upon such applicant, subject to the same time restriction.

d. Any entity, before receiving a copy of the report as outlined in section 3(c) above, shall execute a confidentiality agreement with the examiner.

f. Any applicant may file a response under seal to the examiner's report....

The United States offers at most two grounds in support of its limited objection.

█ The first ground relies upon 11 U.S.C. § 107 (1988), which provides circumstances under which papers filed in a case are not of public record. The relevant exception states:

[O]n the bankruptcy court's own motion, the bankruptcy court may—

\*    \*    \*    \*    \*    \*

... (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). The United States contends this exception is not applicable.

This contention is incorrect. The examiner's report, in connection with any of the applications it analyzes, may state that the fees and/or expenses requested are not reasonable, actual and necessary. For example, the report may state in essence that time expended on a particular matter was of no benefit to the estate, was excessive, was charged at an excessive hourly rate, or did not occur at all. These statements *are mere allegations and not necessarily true.* The court is confident that the involved professional would agree that these statements are potentially defamatory! Indeed, the United States has offered no law to support its position that these types of statements are not defamatory as a matter of law.

The court observes, that in attempt to avoid the insertion of such remarks of this sensitive nature, sub-paragraph 3(b) encourages the examiner, in its discretion, to consult with the affected professional con-

cerning charges the examiner believes do not accord with 11 U.S.C. § 330(a) (1988).

■ While it is not clear from its objection, the United States apparently also objects on the ground that parties whose claims may be diminished by payment of administrative expenses have no access to the sealed report and possible responses. To the extent that this is an independent ground, the court simply notes the following. All documents that the examiner will use in preparing its report are of public record. Any party concerned about the effect of administrative expenses upon its claim and that wishes to file an objection to any fee application is of course free to examine the public record to the same extent as the examiner. § 107.

*The Response of the TCo Committee*

■ The response of the TCo Committee is not an objection. Indeed, the TCo Committee supports the appointment of a fee reviewer as "facilitat[ing] the determination of appropriate professional compensation in these proceedings." However, the Committee seeks clarification of paragraph 1(a) of Exhibit A of the order, which states:

1.a. Intra-office conferencing. Only one professional may charge. Highest rate may be chosen.

The Committee asserts that the "intraoffice conference" designation is used on professionals' timesheets to reference activities outside the proper scope of this rule. Specifically, the Committee states:

These [Chapter 11] cases implicate numerous areas of legal expertise in addition to bankruptcy—federal energy regulation, federal securities' laws, secured transactions, tax and litigation.... The attorneys performing these various activities must communicate with one another in order to represent their clients appropriately and to add value to the services rendered. Furthermore, such internal consultation benefits the estate by facilitating the coordination of effort, speeding the delivery of legal services, and preventing the need for rudimentary research.

Case No. 91–804, docket no. 274, at 2–3 (February 3, 1992).

The TCo Committee's request for clarification answers itself. As paragraph 3(e) of the order explicitly states, the touchstone for any analysis on the appropriateness of fees sought is 11 U.S.C. § 330(a). Where time spent satisfies that statute's requirements, the billing professional is entitled to compensation, regardless of the factual context of the activity.

Exhibit A should be read within the context it is referenced in the order, which not surprisingly is also (and only) paragraph 3(e). Paragraph 1.a. of Exhibit A refers to a common factual context of past rulings of this court where the § 330(a) requirements were not met. All such factual contexts cannot be anticipated, and thus clarification neither practicable nor appropriate.

*Conclusion*

■ No hearing on these objections will be scheduled. No responding party requested such a hearing, the objections are legal and not factual in nature, and the court has found each objection to be without merit. The court will issue a supplementary order consistent with this decision.

### SUPPLEMENT TO ORDER

(Docket No. 881 in Case No. 91–803)

DATED JANUARY 8, 1992

For the reasons stated in the Memorandum Opinion dated March 3, 1992,

IT IS ORDERED THAT:

1. The objections of the United States of America are OVERRULED.

2. Since all objections have been overruled, the parties affected by the order are ordered to take all steps necessary to implement the order.